IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TOBY OFIELD LOVE,                )
                                 )
                Petitioner,      )
                                 )
        v.                       )       1:08CV239
                                 )
RICK ANDERSON,                   )
                                 )
                Respondent.      )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF MAGISTRATE JUDGE ELIASON

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 16, 2004, in the Superior Court of Alamance County, Petitioner was convicted by a jury of four counts of first-degree kidnaping, one count of armed robbery with a firearm, and one count of felonious breaking and entering in cases 04 CRS 54983, 54988, and 54992. He was then sentenced to 145 to 183 months of imprisonment. Petitioner filed an unsuccessful direct appeal, which concluded when the North Carolina Supreme Court denied a petition for discretionary review on August 17, 2006. State v. Love, 360 N.C. 580, 636 S.E.2d 193 (2006).[1]

---

[1] Petitioner does state in his petition that he sought a writ of certiorari from the United States Supreme Court and that the petition was denied. (Docket No. 2, ¶ 9(h).) However, he provides no proof of this and the research of both Respondent and this Court reveal no such petition. Petitioner himself has not provided a copy of the alleged petition or denial and cannot even provide dates for the filing or denial. It appears that he is simply confused on this point. In any event, there is no sign that any petition for certiorari was ever filed with the United States Supreme Court and the Court concludes that this did not occur.

Petitioner took no further action in his case until he filed a "motion certiorari" with the North Carolina Supreme Court on December 13, 2007. This was construed as a petition for a writ of certiorari and dismissed on March 6, 2008. Petitioner then completed the current petition. He did not date the petition, but its original envelope reflects that it was mailed on April 1, 2008.[2] Respondent now moves to have the petition dismissed.

## Discussion

Respondent requests dismissal on the ground that the petition was filed[3] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for

---

[2] Petitioner mistakenly mailed his petition to the Eastern District of North Carolina, which then mailed it to this District with the original envelope enclosed.

[3] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see United States v. Segers, 271 F.3d 181 (4th Cir. 2001)(federal conviction). Here, Petitioner's direct review ended in the state courts on August 17, 2006. As Respondent states, his time for seeking certiorari in the United States Supreme Court then expired on November 15, 2006. His conviction was final and his year to file his habeas petition under AEDPA began to run on that day.

The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). Unfortunately for Petitioner, the record reveals no filings seeking collateral review in the state courts between November 16, 2006 and November 17, 2007. Therefore, the limitation period was never tolled and his time for filing his petition expired in November of 2007. Petitioner did not submit his current petition until approximately four and one-half months later in April of 2008.

It is true that Petitioner did file the "motion certiorari" with the North Carolina Supreme Court on December 14, 2007. However, he did not file it until after the AEDPA time limit had already expired. His filing did not revive the expired limitation period. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). Therefore, the petition was filed out of time.

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Petitioner makes no argument that the principle of equitable tolling applies in the present case and no grounds for the application of that principle appear in the record. Therefore, Petitioner is not entitled to equitable tolling.

Petitioner does make three arguments in an attempt to avoid dismissal of his complaint. The first two are raised primarily in the petition itself. Petitioner asserts that the Court should hear his petition because his claims have merit and because his procedural default should be excused. Neither of these arguments prevails. The application of the AEDPA time bar means that the

merits of Petitioner's claims cannot be considered. As for procedural default, that is a separate concept from AEDPA's time limits. Concepts associated with procedural default are not applicable to the issues raised in the motion to dismiss.

Petitioner raises a separate argument in his response brief. (Docket No. 7.) There, he claims that his name is Tony O. Love-El. He purports to be a descendant of the "Ancient Moabites" who inhabited the northwestern and southwestern shores of Amexem (now commonly known as Africa). He claims to be of the Asiatic race and of Moorish nationality. Petitioner believes that this set of facts means that his case should be handled under "U.S.-Moroccan Treaty of 1786" and not under the "NEGRO ACTS" or the 14th and 15th Amendments of the United States Constitution. Petitioner's claims are misguided and frivolous for reasons too numerous to set out. It is enough to state that, whatever his race or nationality, he is subject to the same set of laws applied to all of those who appear before this Court. Those laws include AEDPA and its time limitations. His petition is time-barred and Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 4) be granted, that the habeas petition (Docket

No. 2) be dismissed, and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
**United States Magistrate Judge**

July 23, 2008